# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## BIRMINGHAM DIVISION

| | |
|---|---|
| DANIEL RUIZ an individual | CIVIL ACTION |
| Plaintiff, | Case No.: |
| vs. | |
| AUM SHANTI, INC., An Alabama Corporation, d/b/a America's Best Inn Birmingham/Homewood Hotel, PRAVIN PATEL, Individually and ALL OTHERS UNKNOWN | |
| Defendants. | |

### COMPLAINT FOR PERMANENT INJUNCTIVE RELIEF

**COMES NOW,** Plaintiff, **DANIEL RUIZ** ("Mr. Ruiz"), in the above-styled matter and hereby sues the Defendant **AMERICA'S BEST INN BIRMINGHAM/HOMEWOOD HOTEL, AUM SHANTI, INC**, and All Others Unknown, ("Defendants," or the "AMERICA'S BEST INN"), for permanent injunctive relief for intentional discrimination through policy and procedure and for access and barrier removal pursuant under the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* ("ADA") and 42 U.S.C. § 12181, *et seq.*, and § 12182, *et seq.*, the American With Disability Act Accessibility Guidelines (hereinafter "ADAAG"), at a property bearing the business name "AMERICA'S BEST INN," located at 251 Summit Pkwy, Birmingham, Alabama 35209.

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to the following statutes:

    a. 28 U.S.C. §1331 granting district courts with original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States arising under Title 42 U.S.C. §§ 12181, *et seq.*, based on Defendant's violation of Title III of the Americans With Disabilities Act. *See also* 28 U.S.C. §§ 2201 and 2202;

    b. 28 U.S.C. §1343 (3) and (4), which gives district court's jurisdiction over actions to secure civil rights extended by the United States government; and

    c. 28 U.S.C. §1367, which gives the district court supplemental jurisdiction over state law claims.

2. Venue is appropriate in this judicial district under 28 U.S.C. § 1391(b), because the events that gave rise to this Compliant occurred in this district.

## PARTIES

3. Plaintiff, Mr. Ruiz, is a citizen of the United States and resident in the County of Franklin, State of Alabama, and is qualified individual under the ADA who has been denied access to the Premises as set forth more fully herein, and who will continue to be denied access without the injunctive relief requested herein.

4. Defendant, AMERICA'S BEST INN, is *sui juris* and an Alabama corporation company which, itself and by and through its agents, is operating, conducting, engaging in and carrying on business in the State of Alabama, has an office and agency in the State of Alabama, has discriminated against and will continue to discriminate against Mr. Ruiz.

5. The Defendants are the registered operator and/or lessor, and/or lessee, of the real property and improvements, which are the subject of this action.

6. Unknown Defendant(s) are those Defendant(s) that manage, operate or otherwise exercise financial and other control over and within the subject premises, commonly known as AMERICA'S BEST INN.

7. These Unknown Parties are expected to be identified and joined through early discovery, so that all proper Parties regarding this action are before the Court.

## GENERAL ALLEGATIONS

8. Plaintiff, Mr. Ruiz, suffers from, *inter alia,* quadriplegia, and requires a wheelchair to ambulate at all times. Plaintiff is limited in one, or more major life activities, such as walking.

9. On or around October 19, 2019, Plaintiff, Mr. Ruiz, visited AMERICA'S BEST INN as a business invitee, but was denied access and the use of certain facilities because of specific barriers located on the premises.

10. On or around October 19, 2019, Plaintiff was greeted by the AMERICA'S BEST INN front desk employee and immediately advised plaintiff that there were not any "handicapped" room available. Plaintiff was subsequently told to go to another franchise that had "handicapped" rooms.

11. Mr. Ruiz asked to be accommodated with a handicapped accessible room and informed Defendant that he requested a room with a roll-in shower.

12. The employee at the front desk then retracted her prior statement regarding no handicapped room were available and informed the Plaintiff that they in fact did have a room with a roll-in shower, but that the Plaintiff must sign a waiver if he were to use the roll-in shower.

13. The Plaintiff followed the AMERICA'S BEST INN front-desk employee into the room. The Plaintiff had trouble accessing the bathroom through the doorframe and could not access the shower because the shower was impassable.

14. Due to the lack of accessible shower in the guestrooms, the lack of bathroom door clearance, even though advertised as wheelchair accessible, Mr. Ruiz chose not to stay despite requesting a room at the hotel.

15. Mr. Ruiz was refused services because he was "handicapped," and the Hotel did not have any accessible rooms.

16. As a direct result of the Defendant's action and inactions as more fully set forth herein, Plaintiff was unable to properly access the premises, move about the areas therein or avail

himself of the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the premises to which he was entitled and/or America's Best Inn was required to provide under the ADA.

17. Plaintiff, Mr. Ruiz, being a resident of Franklin County will continue to encounter the barriers at the AMERICA'S BEST INN hotel if the relief sought under the ADA as requested herein is not granted.

18. The Plaintiff reencountered, observed and/or has knowledge of the architectural barrier at the America's Best Inn, the" accessible" room, the restroom(s) within the "accessible" room, the lobby, the parking lot, and other amenities which discriminate against him because of his disability. These barriers also prevent and deter Plaintiff from returning to the AMERICA'S BEST INN to enjoy the goods and services available to the public.

19. Due to the Defendant's ADA violations set forth *infra*, Plaintiff was not able to, and still cannot, access significant portions of accessible rooms for the disabled, the restroom(s) within the accessible hotel room, the lobby, the parking lot, and other amenities and/or avail himself of the various amenities otherwise offered to able-bodied individual by Defendant.

20. Once the architectural barrier violating the ADA are removed, Plaintiff will return to the AMERICA'S BEST INN. Unless granted injunctive relief Plaintiff will be denied full access to the AMERICA'S BEST INN.

21. Plaintiff's counsel has become aware of allegation of intentional discrimination by AMERICA'S BEST INN through their policies and procedures against people with physical disabilities.

22. Upon information and belief, AMERICA'S BEST INN has been intentionally screening out potential renter with physical disabilities through their policies and procedures, which includes, but is not limited to the following practices:

    a. Turning away or cancelling potential renter's reservations solely on the basis of their having a physical disability;

  b. Instructing their staff to not rent to people with physical disabilities;

  c. Instructing their staff to cancel potential renter's reservation solely on the basis of their having a physical disability;

  d. Instructing their staff to falsely inform potential renters with physical disabilities that there were no vacancies in the hotel; and

  e. Instructing their staff to charge higher room rates to potential renters with physical disabilities.

## COUNT I

### ACTION FOR INJUNCTIVE RELIEF
### UNDER THE AMERICANS WITH DISABILITIES ACT

23. Plaintiffs adopt and re-allege the allegations stated in paragraphs 1 through 22 of this Complaint as if fully stated herein.

24. This action arises pursuant to Title 42 U.S.C. § 12101, *et seq* of the ADA.

25. On July 26, 1990, Congress enacted the ADA and provided commercial businesses one and a half (1½) years from the enactment of the ADA to implement the requirements imposed by the ADA.

26. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if the Defendant has ten (10) or fewer employees and gross receipts of $500,000.00 or less. *See* 42 U.S.C. § 12101; 28 C.F.R. § 36.508(a).

27. The premises which are owned, leased to or by, and/or operated by the Defendants, and which is the subject of this action, includes a restaurant, and related facilities, and is a "public accommodation," as defined under 42 U.S.C. § 12181(7)(A). *See* 42 U.S.C. § 12181(2) and 28 CFR § 36.104.

28. The Hotel and related facilities must be, but are unable to be, accessed by individuals with disabilities, including the individual Plaintiff as required by the ADA.

29. The Defendants have discriminated against the individual Plaintiff by denying access to,

and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the premises, as prohibited by 42 U.S.C. § 12182 *et seq.*, and by failing to remove architectural barriers as required by 42 U.S.C. § 12182(b)(2)(A)(ii)-(iii).

30. Pursuant to the mandates of 42 U.S.C. § 12134(a), the United States Department of Justice, Office of the Attorney General, promulgated federal regulations to implement the requirements of the ADA. *See* 28 C.F.R. § 36, ADA Accessibility Guidelines (hereinafter referred to as "ADAAG").

31. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

32. Pursuant to 28 CFR § 36.404, all newly constructed facilities were required to comply with the Standards For New Construction and Alterations, ser forth in Appendix A to 28 CFR § 36 ("ADSAAG"). Pursuant to 28 CFR § 36.403, all altered facilities were required to comply with the ADAAG to the maximum extent feasible. Pursuant to 28 CFR § 36.303, all measures taken to comply with barrier removal requirements of 42 USC § 12182 must also comply with the ADAAG to the maximum extent feasible. Failure to comply with these requirements constitutes a violation of the ADA.

33. The Defendants are in violation of 42 U.S.C. § 12181 *et seq.*, and 28 C.F.R. § 36.302 *et seq.*, and are discriminating against the Plaintiff as a result of, *inter alia*, the following

violations:[1]

## ACCESS TO GOODS AND SERVICES

a. The reception area lacks an accessible counter.
b. The accessible features are not maintained at the subject facility, creating barriers to access for the plaintiff, as set forth herein, in violation of 28 CFR 36.203

## ACCESSIBLE GUESTROOMS

c. There were no roll-in showers, which would lack the requisite configuration as it has a vertical change in level at the entry exceeding two (2) inches precluded by ADAAG 608.7.
d. Bathroom doorframe size leading to the guest bathroom do not comply with the requirements of ADAAG 404.2, as they are sized below thirty-two (32) inch reach range.
e. No fold down seat is present within the shower pursuant to ADAAG 608.4.
f. Within the disabled guest room, inadequate width is present to maneuver the wheelchair next to either side of the bed pursuant to ADAAG 806.2.3.
g. No strobe notification is present as required by ADAAG 215.4, 224.4 and ADAAG 702.
h. The hotel has thirty (30) guestrooms and therefore is required to provide no less than two (2) guestrooms dispersed among the classes, yet no compliant disabled guestroom is present pursuant to ADAAG 224.2.

34. The discriminatory violations described in paragraphs 33(a)-(h) are not an exclusive list of Defendant's American's Best Inn, ADA violations.

35. Upon information and belief, correcting each barrier in paragraphs 33(a)-(h) of this Complaint are readily achievable.

36. Plaintiff, Mr. Ruiz, have been denied access to, and the benefits of, services, programs and activities of the premises and its facilities, and has otherwise been discriminated against and damaged by the Defendant's because of the continuing ADA violations set forth above.

37. The violations present within the hotel and the commercial lot infringes on Plaintiff's right to travel free of discrimination. Furthermore, Plaintiff will continue to suffer such

---

[1] Due to the architectural barriers encountered, all areas of the premises were not able to be assessed. Accordingly, the above list is not to be considered inclusive.

discrimination, injury and damage and will be deterred from returning to the premises without the relief provided by the ADA as requested herein.

38. Plaintiff is deprived of the meaningful choice of freely visiting the hotel with the same accommodations readily available to the public until the existing barriers have been removed.

39. Once architectural barriers are removed and reasonable changes in policy are implemented, and it is absolutely clear that the discriminatory behavior and policies alleged herein cannot reasonably be expected to recur, Plaintiff will visit the hotel not only to avail himself of the services, programs, and/or activities available at the building/property, but also to assure himself that the hotel and the commercial lot are in compliance with the ADA so that he and other similarly situated will have full and equal enjoyment of the property without fear of discrimination, dignitary harm an threat to their safety.

40. As a proximate result of Defendant's failure to design, alter, construct, or removal architectural barrier from the hotel and the commercial lot in a manner that is readily accessible to and usable by individuals with disabilities as required by the ADA, Plaintiff has suffered and will continue to suffer, injury including, but not limited to a deprivation of his right to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, of accommodations of the Premises.

41. Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff has suffered, is suffering, and will continue to suffer irreparable injury as a result of Defendant's continuing discriminatory conduct.

42. Plaintiffs' have been obligated to retain undersigned counsel for the filing and prosecution of this action, and have agreed to pay counsel reasonable attorneys' fees, including costs and expenses incurred in this action. Plaintiffs are entitled to recover

those attorneys' fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205.

43. Pursuant to 42 U.S.C. § 12188, this Court is provided authority to grant Plaintiffs' injunctive relief including an order to alter the subject facilities to make them readily accessible to, and usable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are complete.

44. The Plaintiffs demand a non-jury trial on all issues to be tried herein.

## COUNT II

## INTENTIONAL VIOLATION OF TITLE II OF THE ADA, 42 U.S.C. § 12182, *et seq.*

45. Plaintiff re-alleges and incorporates by reference the allegations stated in paragraphs 1 through 22 of this Complaint as if fully state herein.

46. America's Best Inn discriminated against the Plaintiff on the basis of disability in the full and equal enjoyment of its goods, services, facilities, privileges, and accommodations by initially falsely informing Plaintiff that no accessible rooms were available for the purposes of discouraging the Plaintiff from renting, in violation of 42 U.S.C. § 12182(a), 42 U.S.C. § 12182(b)(1)(A)(i), and the Title III implementing regulation at 28 CFR § 36.201(a) and § 36.202(a).

47. America's Best Inn discriminated against the Plaintiff on the basis of disability in the full and equal enjoyment of its goods, services, facilities, privileges, and accommodations by initially falsely informing Plaintiff that the Plaintiff must sign a waiver before renting an accessible room with an accessible restroom in violation of 42 U.S.C. § 12182(a), 42 U.S.C. § 12182(b)(1)(A)(i), and the Title III implementing regulation at 28 CFR § 36.201(a) and § 36.202(a), and § 36.204.

48. America's Best Inn discriminated against the Plaintiff on the basis of disability in the full and equal enjoyment of its goods, services, facilities, privileges, and accommodations by establishing specific standards or criteria or methods of administration that have the

effect of discriminating against potential renters on the basis of disability in violation of 42 U.S.C. § 12182(b)(1)(D) and 28 CFR § 36.204.

49. America's Best Inn discriminated against the Plaintiff on the basis of disability in the full and equal enjoyment of its goods, services, facilities, privileges, and accommodations by imposing or applying eligibility criteria that screen out, or tend to screen out, potential renters with physical disabilities from renting rooms at their establishment in violation of 42 U.S.C. § 12182(a) and 28 CFR § 36.301.

**WHEREFORE**, Plaintiffs respectfully request the Court:

A. Grant judgment in favor of the Plaintiff and declare that Defendant, America's Best, violated Title III of the ADA, 42 U.S.C. §§ 12181-12189, and its implementing regulation, 28 CFR Part 36;

B. Issue a permanent injunction enjoining the Defendants from continuing their discriminatory practices,

C. Order the Defendant to alter the subject premises as appropriate to comply with the ADA,

D. Order Defendant to maintain accessible features at the hotel and the commercial lots;

E. Award Plaintiffs reasonable attorney fees, costs and litigation expenses incurred in this action, including but not limited to the cost of the reservation paid by Plaintiff Ruiz to Defendant for the overnight stay at the Hotel; and

F. Closing the subject premises until the requisite modifications are completed.

Respectfully Submitted this 23nd day of January, 2020

/s/ *Ivannoel Gonzalez Dollar*
Ivannoel Gonzalez Dollar

ATTORNEY FOR DANIEL RUIZ

**OF COUNSEL:**

**Lopez Rubio Lawyers, LLC**
Birmingham Office

117 S. Crest Dr., Suite 100
Birmingham, AL 35209
T. (205) 418-0001
F. (205) 418-0003
E. ivan@lorurlaw.com

Montgomery Office
3814 Harrison Rd.
Montgomery, AL 36109
T. (334) 418-7010
F. (334) 418-7011

Pulaski Office
102 B W, Jefferson St.
Pulaski, TN 38478
T. (931) 447-3544
F. (205) 418-0003

## CERTIFICATION OF SERVICE

I hereby certify that I will serve a copy of the foregoing document by Notice of Electronic Filing, or if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax, or email:

**Aum Shanti, Inc**
d/b/a American's Best Inn
Registered Agent
c/o Joyce Baker
2100 First Ave. North Suite 600
Birmingham, AL 35203

**Pravin Patel**
2451 Moody Parkway
Moody, AL 35004

/s/ *Ivannoel Gonzalez Dollar*
Ivannoel Gonzalez Dollar

ATTORNEY FOR DANIEL RUIZ